IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS

| | |
|---|---|
| JENNIFER LANCASTER, DAVE ELSWICK, JIMMIE CAVIN, STEPHANIE DUKE, JAN MORSE, JOHN MORSE, KIM BOUGUISE, MARK BOUGUISE, RANDY SAMS, MARLA SAMS, CODIE CRUMPTON, ANGELA ROSS, CAROL TESSIER, KELLY McELHANEY, EUGENE JAMISON, COTY POWERS, TERRY KELLUM, KEITH KELLUM, DR. ANITA WELLS, KANDI COX, LINDA MARSH, SAM MARSH AND ALFORD DRINKWATER | PLAINTIFFS |

vs. 2:24-cv-00161

| | |
|---|---|
| JOHN THURSTON, IN HIS OFFICIAL CAPACITY AS SECRETARY OF STATE AND AS CHAIRMAN OF STATE BOARD OF ELECTION COMMISSIONERS, and JOSEPH WOOD, CHAIRMAN AND EXECUTIVE DIRECTOR OF THE RPA | DEFENDANTS |

**BRIEF IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION**

Plaintiffs, by and through their undersigned counsel, respectfully submit this Brief in support of their Preliminary Injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure.

**STANDARD**

A district court considers four factors to determine whether preliminary injunctive relief is warranted: (1) the movant's likelihood of success on the merits, (2) the threat of irreparable harm to the movant, (3) the state of balance between the harm to the movant and the injury that granting an injunction will inflict on other parties to the litigation and (4) the public interest. *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir.

1

1981). The purpose of a preliminary injunction is to maintain the status quo. *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994). The burden rests with the moving party to establish that injunctive relief should be granted. *Watkins Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003). And this Court is mindful that preliminary injunctive relief is an extraordinary remedy that is never awarded as of right. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24, 129 S. Ct. 365, 172 L. Ed. 2d 249 (2008); *Craig v. Simon*, 493 F. Supp. 3d 773, 781 (D. Minn. 2020)

## ARGUMENT

### I. The Convention was Adjourned, Not Recessed

Mrs. Jennifer Lancaster, the duly elected and acting Chair of the 2024 Republican Party of Arkansas State Convention, has been asked to sign a certification of a slate of electors, despite the RPA advisory opinion that she is without authority to do so. The RPA advisory opinion, exhibit "B," incorrectly states that the June 8, 2024, State Convention was adjourned rather than recessed. In reality, the convention was recessed, meaning that its business was intended to continue at a later date. If the convention is treated as adjourned, the legal fiction that the convention's actions were final and cannot be revisited or furthered may be argued. Further, Exhibit "A" has been submitted to the Secretary of State. So, there is a justiciable controversy present for the Court to decide.

The false claim that the convention was adjourned and that Mrs. Lancaster has no authority to certify the slate of electors would have severe and far-reaching consequences. It undermines the authority of the more than 600 duly elected delegates who participated in the convention and voted on significant party matters, including

closing the primaries and changing party rules for the selection of candidates. Moreover, this legal gamesmanship disrupts the democratic process within the party and attempts to nullify the will of the majority of state delegates who acted lawfully under Arkansas law and the Republican Party's own rules.

**II. An Injunction is Necessary to Prevent the Fraudulent Document from Being Used to Subvert the Electoral Process**

In light of the illegal certification attached as Exhibit "A," the pressure on Mrs. Lancaster to sign the certification is not a minor procedural issue—it represents a direct and unlawful attempt to thwart the integrity of the Republican Party of Arkansas's electoral process. The immediate impact of the misrepresentation contained in the Advisory opinion would be to block the necessary certification of delegates and prevent the party from fully implementing the lawful decisions made at the convention, which would in turn affect the selection of Arkansas's electors for the Electoral College.

Arkansas's representation in the Electoral College, as outlined in both state and federal law, is of critical importance to the proper functioning of our electoral system. Without the certification of the delegates and the implementation of the convention's decisions, Arkansas risks being left without duly chosen electors, jeopardizing its role in the upcoming presidential election.

Given the impending deadline for Mrs. Lancaster's signature by September 15, 2024, and the ongoing attempts to coerce her into signing a false public document, this Court must act quickly to issue an injunction preventing any further pressure or coercion. Such action is necessary to ensure that Arkansas's delegates to the Electoral College are lawfully selected and that the state's voice is heard in the upcoming election.

3

### III. Fraudulent Actions Threaten the Integrity of the Election Process and Deprive Plaintiffs of Their Constitutional Rights

The fraudulent Advisory opinion, which falsely states that the convention was adjourned and that Mrs. Lancaster currently has no authority to act, also threatens the constitutional rights of the Plaintiffs and the rights of other delegates who participated in the State Convention. The actions taken at the convention represent the will of the majority of the delegates, as permitted by the Republican Party's rules and Arkansas law (Ark. Code Ann. § 7-3-101). The failure to acknowledge the proper outcome of the convention violates the Plaintiffs' First and Fourteenth Amendment rights to free speech, association, and due process.

Allowing Exhibits "A" and "B" to stand unchallenged would cause irreparable harm to Plaintiffs and to the democratic processes governing political parties. Plaintiffs, and by extension, the voters they represent, would be effectively disenfranchised, with their lawful decisions rendered null and void by unlawful and deceptive actions.

### IV. The Public Interest and Balance of Equities Strongly Favor an Injunction

The public interest in maintaining the integrity of the state and federal electoral processes cannot be overstated. The RPA's false certification and the Advisory Opinion undermines not only the authority of the State Convention but also the proper functioning of the Arkansas Republican Party in selecting its nominees for public office. Furthermore, it puts Arkansas's representation in the Electoral College in jeopardy, potentially leaving the state without a voice in the 2024 presidential election.

The balance of equities clearly favors Plaintiffs. The harm to Mrs. Lancaster and the other delegates from the enforcement of a fraudulent document and the denial of their

convention decisions far outweighs any potential inconvenience to the Defendants in recognizing and adhering to the valid outcome of the June 8, 2024, convention. Upholding the truth of the convention's status as recessed, not adjourned, ensures that Arkansas's role in the national election process remains secure and that its voters are properly represented.

### V. Conclusion

For the reasons stated above, this Court should grant a preliminary injunction to:

1. Prevent Mrs. Lancaster from being coerced into signing a fraudulent public document that falsely states that the convention was adjourned;

2. Ensure that the lawful actions of the June 8, 2024, State Convention are recognized and implemented;

3. Protect Arkansas's representation in the Electoral College and the integrity of the state's participation in the presidential election.

Respectfully submitted,

**SUTTER & GILLHAM, P.L.L.C**.
Attorneys at Law
1501 N. Pierce Ste 105
Little Rock, Arkansas 72207
501/315-1910  Office
501/315-1916  Facsimile
Attorneys for the Plaintiff

By:   */s/ Luther Oneal Sutter*
      Luther Oneal Sutter, Esq., ARBN 95-031
      luther.sutterlaw@gmail.com