IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

JENNIFER LANCASTER, DAVE ELSWICK,
JIMMIE CAVIN, STEPHANIE DUKE,
JAN MORSE, JEFF MORSE, KIM BOURGEOIS,
MARK BOURGEOIS, RANDY SAMS, MARLA
SAMS, CODIE CRUMPTON, ANGELA ROSS,
CAROL TESSIER, KELLY MCELHANEY,
IRA (EUGENE) JAMISON, COTY POWERS,
TERRY KELLUM, KEITH KELLUM,
DR. ANITA WELLS, KANDI COX, LINDA MARSH,
SAM MARSH, AND ALFORD DRINKWATER                            PLAINTIFFS

VS.                                    2:24-CV-161

JOHN THURSTON, in his official capacity as
SECRETARY OF STATE AND AS CHAIRMAN
OF STATE BOARD OF ELECTION COMMISSIONERS,
and JOSEPH WOOD, CHAIRMAN OF THE
REPUBLICAN PARTY OF ARKANSAS                                DEFENDANTS

**BRIEF IN SUPPORT OF SEPARATE DEFENDANT JOSEPH WOOD'S
MOTION TO DISMISS**

COMES NOW, Separate Defendant Joseph Wood (hereinafter "Chairman Wood"), Chairman of the Republican Party of Arkansas (hereinafter "RPA"), by and through counsel, Friday, Eldredge Clark, LLP, and for its Brief in Support of Motion to Dismiss, states:

**LEGAL STANDARD**

Fed. R. Civ. P. 12(b)(6) provides for a motion to dismiss based on failure to state a claim upon which relief can be granted. To survive such a motion to dismiss, "a complaint must contain

1

sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 555 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is only plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The right to relief must be raised above a speculative level. *Twombly,* 550 U.S. at 555. A complaint must offer more than 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action' to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Legal conclusions can provide a framework for a complaint but must be supported by factual allegations. *Id.*

While the Court must accept the factual allegations in the complaint as true and construe them in favor of the plaintiff, the Court must not "presume the truth of legal conclusions couched as factual allegations." *Id*.; *See also, Wiles v. Capitol Indem. Corp*., 280 F.3d 868, 870 (8th Cir. 2002) ("[T]he court is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations.").

## INTRODUCTION

In his Brief in Support of his Motion to Dismiss, the Secretary of State provides an accurate and perceptive analysis of the factual allegations against the backdrop of the rules of the RPA. (Chairman Wood adopts by reference the Secretary's Factual Allegation section at pages 3-5 of his Brief.) The analysis points out that this intra RPA dispute is about the application of the RPA rules, a dispute that is unfortunate, but should be resolved by the RPA within the structures of the rules, not in federal court.

## ARGUMENT

I.       Plaintiffs' allegations fail to rise to the plausibility standard imposed by *Twombly.*

Plaintiffs Complaint alleges that Chairman Wood violated their First Amendment rights to Due Process, Free Speech, Right to Assemble, and Right to Association, under both the United States and Arkansas Constitutions. ***See* Plaintiffs' Complaint, P. 6, 37.** Plaintiffs request damages for the alleged deprivation, as well as injunctive and declaratory relief, requesting this Court enforce RPA internal rules. ***See* Plaintiffs' Complaint, P. 30-32, 41-44.**

The allegations contained within the Complaint only amount to labels and conclusions, and do not meet the plausibility standard required by *Twombly* and *Iqbal.* A Section 1983 claim "demands more than a simple claim that the [Defendants] engaged in wrongful conduct and the [plaintiffs] were deprived of constitutional rights." *Zutz v. Nelson*, 601 F.3d 842, 851 (8th Cir. 2010).

The Complaint alleges five total facts about the conduct of Chairman Wood and the RPA. First, that the "RPA refused to acknowledge the Convention and its proceedings in violation of party rules." ***See* Plaintiffs' Complaint, P. 13.** Second, that "the RPA was sent the 2024-2026 RPA Rules and Platform as adopted at the Convention." ***See* Plaintiffs' Complaint, P. 14.** "That the Chairman of the RPA, Defendant Wood refused to acknowledge the newly adopted Rules or Platform and refused to respond to the Convention Chairman's multiple emails, texts, and calls." **See Plaintiffs' Complaint, P. 15.** That the Chair of the Republican Party pretended for seven weeks that the Convention never occurred, yet ultimately sent an email to party members informing them of a nullification of the Convention's decisions. ***See* Plaintiffs' Complaint, P. 24.** Finally, that "the RPA Chair sent out an email to the elected officials informing them that following the State Executive Committee's vote earlier that day, they have automatic voting authority on the state committee." ***See* Plaintiffs' Complaint, P. 25.** Plaintiffs iterate that these five actions violate

their "rights to freedom of speech" and "freedom of association." **See Plaintiffs' Complaint, P. 32 (L-P).**

Absent from the Complaint is a causal connection between the alleged conduct of Chairman Wood and deprivation of any constitutional right, which should result in dismissal. *See Zutz v. Nelson,* 601 F.3d 842, 852 (8th Cir. 2010) ("The original complaint . . . fails to plausibly allege a causal connection between [Defendants'] conduct and any constitutional deprivation. Accordingly, the district court's dismissal of the complaint and the denial of the motion for leave to amend are affirmed"). The facts alleged by Plaintiffs and the logic of the *Zutz* court easily work in tandem, as the Complaint is completely devoid of facts alleging how Chairman Wood's conduct violated any right, or for that matter what right was violated.

Furthermore, other than the conclusory allegation that their rights were violated, Plaintiffs provide no facts asserting how Chairman Wood's actions will hinder their rights to vote, assemble, associate, or speak. Without such factual support, the bare recital of conclusions fails, and Plaintiffs' Complaint should be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6). If the Court disregards the legal and unsupported conclusions alleged, *see Wiles, supra,* Plaintiffs' Complaint is left without allegations of any substance. Under the circumstances, amendment would be futile, because Plaintiffs could add nothing new to their pleading.

II.  Plaintiffs' § 1983 claim against Separate Defendant Wood (RPA) must fail because neither Wood nor the Republican Party of Arkansas is a state actor.

Separate Defendant Joseph Wood, as Chair of the RPA, is not a state actor subject to liability under § 1983, nor is he specifically mentioned in Count II of the Complaint relating to the alleged deprivation of civil rights. Plaintiffs allege only conclusory allegations which are insufficient to state a § 1983 claim against it.

4

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute, and also show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

"Only state actors can be held liable under Section 1983." *Carlson v. Roetzel & Andress,* 552 F.3d 648, 650 (8th Cir. 2008). "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful…." *American Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 500, 119 S.Ct. 977, 985 (1999). To determine whether a private party qualifies as a state actor, courts consider whether it exercised "powers traditionally exclusively reserved to the state," *Manhattan Comm. Access Corp. v. Halleck,* 587, U.S. 802, 808-09 (2019), such that the private actor's conduct is "fairly attributable to the state." *Lugar v. Edmonson Oil Co., Inc.*, 457 457 U.S. 922, 937 (1982). The Supreme Court has stated that "very few" functions fall into this category. *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 158 (1978). The Supreme Court has also stated that "[p]olitical parties are *private entities* that possess the right to freedom of association." *Tashijian v. Republican Party of Conn.,* 479 U.S. 208, 224 (1986) (emphasis added).

The Complaint is no model of clarity, but Plaintiffs seemingly contend that the state action here is the operation of a forum (albeit private forum) for speech, assembly, and voting – the Republican Convention of Arkansas and organization of primary elections. If correct, this assertion would mistakenly ignore the state-action requirement. Providing a forum for speech, assembly, and voting does not transform a private party into a state actor. *See Hudgens v. NLRB,* 424 U.S. 507, 520-21 (1976). The Complaint is littered with allegations such as how the "RPA refused to acknowledge the Convention and its proceedings in violation of the party's rules." ***See* Complaint,**

5

**p. 13.** However, absent from the Complaint is any plausible fact alleging that Chairman Wood or the RPA are state actors that may subject it to § 1983 liability. The Complaint's sparse and unintelligible factual allegations fail to rise to the plausibility standard imposed by *Twombly*, and certainly fail to show the RPA is a state actor.

Although the Complaint does not name the RPA as a separate party, a political party is a private entity and courts have long been hesitant to construe them as state actors. *See Vickery v. Jones,* 100 F.3d 1334 (7th Cir. 1996) (State's "compliance with the rules and recommendations of the Party does not turn the party defendants into state actors"); *Acosta v. Democratic City Committee*, 288 F.3d 597 (E.D. Pa. 2018) (party action was not state action during special election for allegations of misconduct at voting stations); *Federspiel v. Ohio Republican Party Cent. Committee*, 867 F.Supp. 617 (S.D. Oh. 1994) (party passing out flyers endorsing candidates endorsing candidates not state action). *Nader v. McAuliffe*, 593 F.Supp.2d 95 (D. of Col. 2009) (chairman of political party's decision to suppress choice of candidate not state action); *Benn v. Universal Health Sys., Inc.*, 371 F.3d 165 (3rd Cir. 2004) (actions by county committees of political parties are not state action); *Moore v. Democratic County Executive Committee of Philadelphia*, 2014 WL 5780879 (E.D. Pa. 2014) (losing candidate alleges he received the most primary votes and sued the party – not state action); *Duke v. Smith,* 13 F.3d 388 (11th Cir. 1994) (courts will not wade into party procedures for who will be put on primary ballots); *Kissinger v. Mahoning County Republican Party*, 677 F.Supp.3d 617 (N.D. Oh. 2023) (alleged assault by party agents not actionable under 1983); *Correa-Martinez v. Arrillaga-Belendez,* 903 F.2d 49 (1st Cir. 1990) (party terminated an employee based on her relationship with state official not state action by the party).

The fact that a political party risks and realizes internal friction does not justify intrusion by a court or state; "[p]resumably a party will be motivated by self-interest and not engage in acts

or speech that run counter to its political success." *Eu v. San Francisco Democratic Central Committee,* 489 U.S. 214, 228 (1989). While Plaintiffs may allege violations of party rules, which Wood and the RPA deny, that constitutes neither state action nor a violation of Plaintiffs' constitutional rights. Implementation, or lack thereof, of such rules remains in the sound discretion of the party. Furthermore, there is nothing in the Complaint about whether a political party regulating its own convention amounts to state action, and how could there be. After all, a political party has the right "to choose its own structure, select its own standard bearers, and formulate its own platform – all free from state regulation…. This principle extends to party affairs in general and to primary elections in particular." *Republican Party of State of Conn. v. Tashjian*, 770 F.2d 265, 281 (2nd Cir. 1985) (citing *Democratic Party of the United States v. Wisconsin ex rel. La Follette*, 450 U.S. 107, 123-24 (1981).

There are only a few narrow exceptions where the Supreme Court has found private action to be a traditional government function in the context of a § 1983 case. *See West v. Atkins*, 487 U.S. 42, 56–57, 108 S.Ct. 2250, 2259–2260, 101 L.Ed.2d 40 (when State has delegated its constitutional duty to provide medical treatment to a physician with non-exclusive contract with the State, that physician is "acting under color of state law"); *Terry v. Adams*, 345 U.S. 461, 73 S.Ct. 809, 97 L.Ed. 1152 (political organization's election machinery violated plaintiffs' Fifteenth Amendment right to vote on account of their race and color); *Marsh v. Alabama,* 326 U.S. 501, 66 S.Ct. 276, 90 LEd. 265 (distribution of religious literature cannot be prohibited in company-owned town any more than it could be prohibited in any other municipality); *Georgia v. McCollum*, 505 U.S. 42, 51–55, 112 S.Ct. 2348, 2354–2357, 120 L.Ed.2d 33 (a criminal defendant's exercise of peremptory challenges constitutes state action for purposes of the Equal Protection Clause, reasoning, in part, that peremptory challenges perform a traditional function of the government).

7

Furthermore, whether a private party may be characterized as a state actor under *Lugar* requires a showing of a "close nexus" between not only the state and private party, "but between the state and alleged deprivation itself." *Brentwood Acad. v. Tenn. Secondary Sch. Ath. Ass'n,* 531 U.S. 288, 291 (2001). Where the private party acts with the state's mere approval or acquiescence, there is no such nexus. *Wickersham v. City of Columbia,* 481 F.3d 591, 597 (8th Cir. 2007). The state's involvement here was to merely give effect to "the private choice of the part[y] in a ministerial processing role. *Belgau v. Inslee,* 975 F.3d 940, 947 (9th Cir. 2020). The RPA is not a state actor, as there is no nexus between the state and conduct alleged in the Complaint.

III.   <u>If federal claims are dismissed, the Court should not retain supplemental jurisdiction over Plaintiffs' state law equitable relief claims because it does not have subject matter jurisdiction.</u>

In addition to their § 1983 Civil Rights claim, Plaintiffs request declaratory and injunctive relief ordering Defendants actions unconstitutional and to close the primary election and adopt rule changes. Plaintiffs' equitable relief counts against Chairman Woods must be dismissed.

"By design, federal courts are courts of limited jurisdiction. U.S. CONST., ART III, § 2, cl. 2; *Badgerow v. Walters,* 596 U.S. 1, 142 S.Ct. 1310, 1315, 212 L.Ed.2d 355 (2022). "It is presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994). Motions to dismiss for lack of subject matter jurisdiction may either be a "facial" or "factual" challenge. *Croyle v. United States,* 908 F.3d 377, 380 (8th Cir. 2018). This is a facial challenge, "where the Court need only look at the face of the pleadings to assess whether it is properly vested with subject matter jurisdiction." *Freeman v. Clay Cnty. Board of Cnty. Commissioners,* 706 F.Supp.3d 873, 880 (D. SD. 2023) (quoting *Carlsen v. Gamestop, Inc.,* 833 F.3d 903, 908 (9th Cir. 2016). "If the court determines at any time that it lacks subject-matter

jurisdiction, the court must dismiss the action," Fed. R. Civ. P. 12(h)(3). A claim for declaratory relief does not expand the court's federal jurisdiction. *See Dakota*

Here, Plaintiffs have cloaked their Complaint against a private party under the guise of a § 1983 claim. As explained above, Chairman Woods is a private party, not a state actor. Should this Court dismiss Chairman Woods from the Plaintiffs' § 1983 claims, it should not retain supplemental jurisdiction over the state law declaratory and injunctive relief claims as they are purely questions of state election code. Because there is no basis to support Plaintiffs' § 1983 claims against Chairman Woods, this Court should not exercise supplemental jurisdiction over the remaining state law claims. A claim for declaratory relief does not expand the court's federal jurisdiction. *See Dakota, Minnesota & E.R.R. Corp. v. Schieffer,* 711 F.3d 878, 881 (8th Cir. 2013).

District courts may decline to exercise supplemental jurisdiction over a claim if the district court has dismissed claims over which it has original jurisdiction. *Todd v. American Fed'n. State, Cnty., and Mun. Emps., Council,* 571 F.Supp.3d 1019, 1033 (D. Minn. 2021) (citing *Wilson v. Miller,* 821 F.3d 963, 970-71 (8th Cir. 2016).

IV.  <u>Plaintiffs lack standing to sue Chairman Woods.</u>

For the reasons stated by Separate Defendant John Thurston, Plaintiffs lack standing to sue Chairman Wood, who adopts by reference the arguments made by Defendant Thurston in his Brief in Support of the Motion to Dismiss, pages 7-10.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs causes of action against Separate Defendant Joseph Wood, Chairman of the Republican Party of Arkansas, should be dismissed. First, Plaintiffs have failed to provide a Complaint that overcomes the plausibility standard needed to survive a motion to dismiss. Second, Chairman Wood is not a state actor subject to suit under § 1983. Third, if

Chairman Wood is not subject to § 1983 liability, this Court would have no reason to retain supplemental jurisdiction over Plaintiffs' state law declaratory and injunctive relief claims. Plaintiffs' have failed to establish standing or a prima facie case against Separate Defendant, and all claims against it should be dismissed, as amendment would be futile.

WHEREFORE, Separate Defendant respectfully requests this Court dismiss all claims against it with prejudice and for all other just and proper relief to which it is entitled.

Respectfully Submitted,

/s/ Kevin A. Crass
Kevin A. Crass, #84209
Friday Eldredge & Clark LLP
400 West Capitol Avenue, Suite 2000
Little Rock, Arkansas 72201-3522
Telephone: 501-370-1592
Crass@fridayfirm.com

*Attorneys for Defendant Joseph Wood, Chairman of the RPA*