**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS**

**JENNIFER LANCASTER, DAVE ELSWICK, JIMMIE
CAVIN, STEPHANIE DUKE, JAN MORSE, JOHN
MORSE, KIM BOUGUISE, MARK BOUGUISE, RANDY
SAMS, MARLA SAMS, CODIE CRUMPTON, CAROL
TESSIER, KELLY McELHANEY, EUGENE JAMISON,
COTY POWERS, TERRY KELLUM, KEITH KELLUM,
DR. ANITA WELLS, KANDI COX, LINDA MARSH, SAM
MARSH AND ALFORD DRINKWATER**                    **PLAINTIFFS**

**vs. 2:24-cv-00161-BSM**

**JOHN THURSTON, IN HIS OFFICIAL CAPACITY AS
SECRETARY OF STATE AND AS CHAIRMAN OF
STATE BOARD OF ELECTION COMMISSIONERS,
WILLIAM LUTHER, JAMIE CLEMMER, JOHNATHAN
WILLIAMS, JAMES HARMON SMITH, III, SHARON
BROOKS, EACH IN HIS/HER OFFICIAL CAPACITY AS**     **DEFENDANTS**

**A MEMBER OF THE STATE BOARD OF ELECTION
COMMISSIONERS and JOSEPH WOOD, CHAIRMAN
AND EXECUTIVE DIRECTOR OF THE RPA**

---

<u>**AMENDED COMPLAINT FOR CIVIL RIGHTS VIOLATIONS, A DECLARATORY
JUDGMENT, MOTION FOR WRIT OF MANDAMUS, AND MOTION FOR
INJUNCTION**</u>

COMES NOW, the plaintiffs, by and through their attorneys, and for their Amended

Complaint state:

<u>**PARTIES**</u>

1.       That JENNIFER LANCASTER, DAVE ELSWICK, JIMMIE CAVIN,

STEPHANIE DUKE, JAN MORSE, JOHN MORSE, KIM BOUGUISE, MARK BOUGUISE,

RANDY SAMS, MARLA SAMS, CODIE CRUMPTON, CAROL TESSIER, KELLY

McELHANEY, EUGENE JAMISON, COTY POWERS, TERRY KELLUM, KEITH

KELLUM, DR. ANITA WELLS, KANDI COX, LINDA MARSH, SAM MARSH AND

LLF NO.: 03400

ALFORD DRINKWATER are duly elected delegates to the Republican Party of Arkansas State Convention that occurred on June 8, 2024. Plaintiffs are residents of Arkansas.

2.      That Jennifer Lancaster is the duly elected and acting chair of the 2024 Republican Party of Arkansas's State Convention. Joseph Wood is Chairman and Executive Director of the RPA.  A copy of the RPA rules in existence before July of 2024 are attached hereto as Exhibit "A."

3.      That John Thurston is the duly elected Secretary of the State of Arkansas and Chairman of the State Board Of Election Commissioners, as permitted by Ex Parte Hill.  William Luther, Jamie Clemmer, Johnathan Williams, James Harmon Smith, Iii, Sharon Brooks, are each sued in his/her official capacity as a member of the state board of election commissioners(SBEC).   Mr. **Thurston** is sued in his official capacity for Declaratory and Injunctive relief only, as permitted by Ex Parte Young.

<u>**JURISDICTION**</u>

4.   That this case involves federal elections for President and both houses of Congress. It is an issue of elective franchise as to the election of federal candidates and Article 1, § 4, Clause 1 (The Times, Places, and Manner Clause).  Jurisdiction is proper in this court pursuant to 28 U.S.C. § 1343.

5.   That this case involves the right to free speech and assembly in the franchise of elections and the election process, which are essential federal questions.  Jurisdiction in this court is proper pursuant to 28 U.S.C. § 1331.

6.   That this case alleges the deprivation of civil rights guaranteed to her by the Arkansas Constitution and the 14th and  First Amendments to United States Constitution, as well as to exercise her liberty and fully participate in the franchise of elections, as required

by the 14th Amendment Due Process Clause.  Such action is an action which arises under the Constitution and the laws of the United States.  Jurisdiction is proper in this court pursuant to 28 U.S.C. § 1331 and 1343.

## FACTS

7. The Republican Party of Arkansas (RPA) is a political party as defined by Ark. Code Ann. §§ 7-3-101–108.

8. That political parties are required pursuant to Ark. Code. Ann. § 7-3-107 to hold a state convention following the biennial general primary.

9. That the plaintiffs were duly elected state convention delegates to the RPA's biennial state convention.

10. That the plaintiffs attended and participated in the RPA's State Convention on June 8, 2024, in Rogers, Arkansas.

11. Joe Wood was in an email chain with the chair of the Rules committee, Bilenda Harris Ritter, where the Chair of the Rules committee said that, despite the rules, they were not going to let the convention body consider the timely submitted proposed Rules change. When pressed on the rules and how they were wrong to prevent the body from hearing the proposed rules change, Wood and Ritter quit responding.

12. The State Board of Election Commissioners (SBEC)  publishes rules governing how the county election commissioners are to conduct their elections in January of each year. John Thurston and the current chair of the Rules Committee for the RPA, Bilenda Harris Ritter, are both members of the SBEC.  Bilenda is the Republican Party's appointee to the SBEC.

13. Two ways in which rules governing how elections may be conducted on a closed primary are 1) the legislature through the general assembly or a special session or 2) by the SBEC.

14. SOS Thurston posted about closing the primaries the day of the convention. However, his office later confirmed that there were discussions between his office and members of the RPA, and they were not taking steps to close the primaries, because "they were not sure that's what the party really wanted to do."

15. Under the governing document, the requirement for rules changes to be circulated in advance is only for RECOMMENDED proposed rules change. The proposed rules change closing the primaries was NOT a RECOMMENDED proposed rules change. There is no requirement for an unrecommended rules change to be circulated. Instead, we look to Roberts Rules of Order. ROR does not require the unrecommended rules changes to be  circulated in advance. Custom and ROR requires the proposed changes to be reported by the Rules Chair, but the chair didn't even show up to the convention, presumably to avoid being called upon to report.

16. So, in summary, 1) The proposed rule change to close the primary WAS timely submitted according to our rules. 2) Only recommended proposed rules changes must be sent out to the chairs in advance. 3) The proposed rules change to close the primaries was not recommended. Our RPA rules are silent on how to treat unrecommended proposed rules changes, so we look to Robert's Rules of Order which does not require circulation but for them to be reported.

17. A member of the body made a proper motion for the body to consider the timely submitted proposed rules change. The body voted on the motion and overwhelmingly voted to approve the changes.

18. Wood chaired the meeting where the "advisory opinion" was presented and approved. Ritter drafted and proposed the advisory opnion which nullified the convnetions actions to close our primaries. There is nothing in our rules that allows for an advisory opinion, and the section used as the basis for the advisory opinion does not apply to a convention or delegates.

19. That the plaintiffs were a part of the overwhelming majority of state convention delegates who voted in favor of closing the Republican primaries to only registered Republicans as they are authorized to do pursuant to Ark. Code Ann. § 7-3-107(2).

20. That the plaintiffs were a part of the overwhelming majority of state convention delegates who voted in favor of requiring candidates who wish to run as a Republican to first be a registered Republican.

21. That the RPA refused to acknowledge the Convention and its procceedings in violation of the bylaws, instead choosing to pretend as though it never happened.

22. That the RPA was sent the 2024-2026 Republican Party of Arkansas Rules and Platform as adopted at the State Convention on June 8, 2024, within two weeks of the Convention.

23. That the Chairman and Executive Director of the RPA Wood refused to acknowledge the newly adopted Rules or Platform and refused to respond to the Convention Chairman's multiple emails, texts, and calls.

24. That, after the Convention, Belinda Harris Ritter as the appointed Chair of the Republican Party's Rules committee, drafted an "advisory opinion."  Plaintiffs seek Declaratory Judgment that she did not have the authority to issue an advisory opinion, or to nullify anything done by the convention body because the " convention is the final authority in all party matters….

25. That the RPA's rules do not grant any person or committee the authority to issue an "advisory opinion."

26. That a special meeting was called, and a vote taken by the approximately twenty-four members of the Republican Party's State Executive Committee to "nullify" the motions passed by the convention body that were not previously approved and recommended by the Rules and Platform Committee in violation of the RPA bylaws.

27. That those eighteen members of the State Executive committee, largely appointees and government officials, voted to nullify the will of the more than 600 state delegates who attended the State Convention.

28. That, in violation of the bylaws, the State Executive Committee voted to nullify the convention body's decision to close the primaries, to require a candidate to be registered as a Republican before filing to run for office as a Republican, and to remove the automatic voting status of elected officials on the RPA's State Committee.

29. That the State Executive Committee of the RPA did not and does not have the authority to nullify or change anything done by the RPA's State Convention body because according to the RPA rules, Article I, Sec 1 Sub. B, "The final authority in **all** party matters shall rest in the biennial Republican State Convention…" (emphasis added)

30. That the State Executive Committee has engaged in election interference of its own delegates.

31. That under Ark. Code Ann. § 7-3-101, "[o]rganized political parties shall prescribe the qualifications for voting in their party primaries."

32. That the Chair of the Republican Party, after pretending for almost seven weeks that the 2024 State Convention never occurred, within an hour of the State Executive Committee's vote, sent out an email to party members informing them of the State Committee's vote to "nullify" the Convention's decisions.

33. That the same evening, the RPA Chair sent out an email to the elected officials informing them that following the State Executive Committee's vote earlier that day, they have automatic voting authority on the state committee.

34. That the election for a new RPA executive board occurs December 2024, and it is widely believed that new leadership will be elected without the government officials' votes.

35. That, the same day, the 2024 Rules and Platform as approved by the State Executive Committee was published.

36. That the voting make-up of the State Committee is affected by the rules change because the change removes elected state office holders from voting on that Committee.

37. That the Secretary of State, John Thurston, and the State Board of Election Commissioners has not closed the Republican Primaries or otherwise complied with the changes that were legally implemented by the Convention, which destroys each Plaintiff's clearly established First Amendment right of association.

## Count I: DECLARATORY JUDGMENT

38. That all previous allegations are incorporated into this count.

**39.** That this court should construe the following actions, events, or documents and declare:

    **A.**    The Arkansas and United States Constitution;

    **B.**    Arkansas law regarding political parties and their ability to close primaries to nonparty members;

    **C.**    The rules of the RPA;

    **D.**    The actions of the 2024 RPA State Convention;

    **E.**    The rules and items passed by the 2024 RPA State Convention; and

    **F.**    The actions of the State Executive Committee.

**40.** The Constitution grants States "broad power to prescribe the 'Times, Places and Manner of holding Elections for Senators and Representatives,' Art. I, § 4, cl. 1, which power is matched by state control over the election process for state offices." *Tashjian* v. *Republican Party of Conn.,* 479 U.S. 208, 217, 93 L. Ed. 2d 514, 107 S. Ct. 544 (1986); *Timmons* v. *Twin Cities Area New Party,* 520 U.S. 351, 358, 137 L. Ed. 2d 589, 117 S. Ct. 1364 (1997) (quoting *Tashjian*). The First Amendment, among other things, protects the right of citizens "to band together in promoting among the electorate candidates who espouse their political views." *California Democratic Party* v. *Jones,* 530 U.S. 567, 574, 147 L. Ed. 2d 502, 120 S. Ct. 2402 (2000).

**41.** Regulations that impose severe burdens on associational rights must be narrowly tailored to serve a compelling state interest. *Timmons*, 520 U.S., at 358, 137 L. Ed. 2d 589, 117 S. Ct. 1364. However, when regulations impose lesser burdens, "a State's important regulatory interests will usually be enough to justify reasonable, nondiscriminatory restrictions." *Ibid.* (internal quotation marks omitted).  A State may prevent a political party from inviting registered voters of other parties to vote in its primary. *Id.*, at 224, n. 13, 93 L. Ed. 514, 107 S. Ct. 544. Thus, this Court should hold

that a political party may invite only its own party members and voters registered as Independents to vote in the party's primary.

42. That this court should declare the rights of the parties in that:

G.      The United States Constitution grants rights to freedom of speech and association and this extends to political parties;

H.      Political parties may regulate and control their membership to include politically like-minded individuals;

I.      Members of political parties have the right to associate with others who share their values or beliefs;

J.      Members of political parties have the right or ability to control who they nominate for a political office as its representative or candidate;

K.       Members of political parties have the right or ability to control who votes in their primaries;

L.      The RPA is a duly formed and operating political party under Arkansas law;

M.      Pursuant to state and federal law, the RPA has the authority to close its primaries;

N.      Pursuant to the rules of the RPA, the 2024 State Convention had the ability to hear motions to change the party's rules;

O.      The actions of the 2024 State Convention were a proper change of RPA rules to close the primaries;

P.      The actions of the 2024 State Convention in removing the vote of ex-officio members of the State Committee was a proper exercise of its power under the RPA rules;

Q.      The actions of the defendants in failing to close the primaries violates Arkansas law;

R.      The actions of the defendants in failing to close the primaries violates the plaintiffs' First Amendment rights to freedom of speech;

S.      The actions of the defendants in failing to close the primaries violates the plaintiffs' First Amendment rights to freedom of association;

T.    The actions of the defendants in failing to adopt, recognize, publish or adhere to the rules changes approved by the Convention violates state and federal law;

U.    The actions of the defendants in failing to adopt, recognize, publish or adhere to the rules changes approved by the Convention violates the plaintiffs' First Amendment rights to freedom of speech;

V.    The actions of the defendants in failing to adopt, recognize, publish or adhere to the rules changes approved by the Convention violates the plaintiffs' First Amendment rights to freedom of association;

## Count II: DEPRIVATION OF CIVIL RIGHTS

43. That all previous allegations are incorporated into this count.

44. That the plaintiffs bring this cause of action pursuant to 42 U.S.C § 1983 and the Arkansas Civil Rights of 1993 in order to enforce Plaintiffs' federal First Amendment right of association and their corresponding right under the Arkansas Constitution.

45. That John Thurston is the Secretary of State and the Chair of the SBEC. He is a policy maker with final authority on the administration of elections in Arkansas. In order for a Rules change to be effective, the Arkansas Secretary of State must implement them, but Thurston has indicated that he will refuse to close the primaries.

46. That the SBEC is a state board that also has final policymaking authority on election administration, policies, and practices. Plaintiffs seek injunctive relief requiring the State Board to implement rules and regulations designed to close the primaries.

47. That these defendants have either an express policy or a widespread practice they have approved and implemented that causes an unconstitutional deprivation—violations of the plaintiffs' state and federal right to Due Process, Free Speech, Assemble, and fully participate in elections and associate with other citizens of their choosing.

48. That this policy, custom, usage, or practice is failing to recognize that the RPA has closed its primaries to nonparty members and failing to take action to effectuate the changed status of conducting closed primaries.

49. That this policy, custom, usage, or practice is failing to recognize that the RPA has new party rules and accepting the new rules as required by Arkansas law.

50. That the plaintiffs have been damaged because their constitutional rights to free speech, assembly, and to fully participate in the franchise of elections are infringed.

51. That the defendants should pay these damages.

Count III<b>: INJUNCTION</b>

52. That all previous allegations are incorporated into this count.

53. That this court should enjoin the defendants from violating the 1st Amendment rights of the plaintiffs and order the SBEC to implement the will of the convention and implement appropriate rules to close the primaries..

54. That this court should order that the defendants may not fail to take immediate action to close the RPA's primaries and adopt, promulgate, and adhere to the rules changes.

Count IV: <b>MANDAMUS</b>

55. That all previous allegations are incorporated into this count.

56. That Mandamus is an appropriate remedy when a public officer is called upon to do a plain and specific duty, which is required by law, and which requires no exercise of discretion or official judgment.

57. That the Defendants are clearly obligated to comply with federal and state law, including clearly established Supreme Court precedent.

58. That this court should issue an order compelling the defendants to comply with the law by closing the Republican Party's primaries.

59. That this court should issue an order compelling the defendants to comply with the law by adopting or otherwise accepting the rules and platform changes adopted on June 8, 2024.

### Demand for Jury Trial and Attorney's Fees

60. That the plaintiffs demand a trial by jury on all issues so triable.

**WHEREFORE** the Plaintiffs pray this Honorable Court enter a declaratory judgment in their favor as requested above; enjoin the Defendants from violating their 1st Amendment rights and the law; that this court should issue an order compelling the Defendants to comply with the law by closing the Republican Party's primaries to protect their 1st Amendment right of Association; that this court should issue an order compelling the Defendants to comply with the law by adopting or otherwise accepting the rules and platform changes adopted on June 8, 2024. for attorney's fees and costs; and for all other just and proper relief.

Respectfully submitted,

**SUTTER & GILLHAM, P.L.L.C**.
Attorneys at Law
1501 N. Pierce Ste 105
Little Rock, Arkansas 72207
501/315-1910  Office
501/315-1916  Facsimile
Attorneys for the Plaintiff

By:  */s/ Luther Oneal Sutter*
Luther Oneal Sutter, Esq., ARBN 95-031
luther.sutterlaw@gmail.com