IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

JENNIFER LANCASTER, DAVE ELSWICK,                            PLAINTIFFS
JIMMIE CAVIN, STEPHANIE DUKE, JAN
MORSE, JOHN MORSE, KIM BOUGUISE,
MARK BOUGUISE, RANDY SAMS, MARLA
SAMS, CODIE CRUMPTON, CAROL TESSIER,
KELLY McELHANEY, EUGENE JAMISON,
COTY POWERS, TERRY KELLUM, KEITH KELLUM,
ANITA WELLS, KANDI COX, LINDA MARSH, SAM
MARSH, and ALFORD DRINKWATER

v.                         CASE NO. 2:24-CV-00161-BSM

COLE JESTER, Arkansas Secretary of State,
JOSEPH WOOD, Arkansas Republican Party Chairman,
WILLIAM LUTHER, Election Commissioner,
JAMIE CLEMMER, Election Commissioner,
JOHNATHAN WILLIAMS, Election Commissioner,
JAMES HARMON SMITH, III, Election Commissioner,
and SHARON BROOKS, Election Commissioner                     DEFENDANTS

# ORDER

Defendants' motions to dismiss [Doc. Nos. 20 & 23] plaintiffs' amended complaint [Doc. No. 14] are granted and defendants' motions to dismiss [Doc. Nos. 6 & 9] plaintiffs' original complaint [Doc. No. 1] are denied as moot.

I.  BACKGROUND

The Republican Party of Arkansas ("RPA") holds its convention every two years. Am. Compl. ¶ 8, Doc. No. 14.  At the most recent biennial convention, its delegates overwhelmingly voted to change two rules.  First, the delegates voted to close the party's primary elections so that only voters who are registered as Republicans may vote in RPA

primary elections. *Id.* ¶ 19. This change was not presented to the RPA's rules committee before the convention, but was raised for the first time at the convention. *Id.* ¶ 15. Second, the delegates voted to remove the automatic voting status of elected officials serving on the RPA's state committee. *Id.* ¶ 20.

The RPA's rules require that, "All proposed rule changes and/or proposed platform provisions shall be filed in writing with the appropriate committee at least 60 days prior to the date of the convention." Compl., Ex. A ("RPA Rules") at 11, Doc. No. 1. The rules also provide that, "The final authority in all party matters shall rest in the biennial Republican State Convention. . ." *Id.* at 5. Finally, the rules require the state executive committees to ". . . observe and enforce these rules. . ." *Id.* at 42.

Following the convention, then Secretary of State John Thurston initially signaled that he would close the RPA's primary elections but reversed course after determining that "they were not sure that's what the party really wanted to do." Am. Compl. ¶ 14. Cole Jester has now assumed the office of Secretary of State and is substituted for Thurston. Belinda Ritter, chair of the RPA rules committee, authored an advisory opinion holding that the rules changes were invalid. *Id.* ¶ 24; Pls.' Br. Supp. Consol. Resp. Mots. Dismiss 10, Doc. No. 29. During a special session of the executive committee, eighteen of the twenty-four executive committee members agreed that the changes were invalid. Am. Compl. ¶¶ 26–27. Therefore, the rules changes were never implemented.

Twenty-two party delegates are now suing party chairman Joseph Wood, the Secretary of State, and the state board of election commissioners to enforce the rules changes

adopted at the convention, asserting that they complied with the RPA's rules and that Ritter lacked authority to issue the advisory opinion contradicting the convention's vote. Plaintiffs allege free speech and free association claims under the First Amendment, a due process claim under the Fourteenth Amendment, and a number of state claims. Defendants are moving to dismiss all claims.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits dismissal when plaintiffs fail to state a claim upon which relief may be granted. To meet the 12(b)(6) standard, the facts alleged in the complaint must create a "reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although detailed factual allegations are not required, threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, are insufficient. *Id.* All allegations contained in the complaint are considered true. *Rydholm v. Equifax Info. Servs. LLC*, 44 F.4th 1105, 1108 (8th Cir. 2022). In ruling on a 12(b)(6) motion to dismiss, materials embraced by the pleadings, as well as exhibits attached to the pleadings and matters of public record may all be considered. *Zean v. Fairview Health Servs.*, 858 F.3d 520, 526 (8th Cir. 2017). The "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft*, 556 U.S. at 678.

## III. DISCUSSION

Although plaintiffs' positions are understandable, their claims must be dismissed because federal court is not the appropriate forum to resolve their dispute.

A.   Free Speech

Plaintiffs allege that their right to freedom of speech under the First Amendment to the United States Constitution was harmed when defendants refused to implement the rules changes adopted at the convention.

This claim is dismissed against Wood because the First Amendment's free speech guarantee prevents government institutions from infringing on speech, but it does not apply to private parties. *See Wickersham v. City of Columbia*, 481 F.3d 591, 597 (8th Cir. 2007) (citing *Hudgens v. NLRB*, 424 U.S. 507, 513 (1976)). And Wood's power comes from the RPA, not the state. *See* Ark. Code Ann. § 7-3-101(a)(3).

This claim is dismissed against Jester and the election commissioners because the litigants' dispute is merely an intra-political party dispute and is not a constitutional restriction on plaintiffs' speech. Jester and the election commissioners have simply accepted the status quo position provided to them by the RPA's executive committee over the ostensible rules changes relayed to them by plaintiffs. By maintaining the status quo, Jester and the election commissioners are leaving it up to the RPA to work out its intra-party differences. This is appropriate because the "First Amendment's Free Speech Clause does not prevent the government from declining to express a view." *Shurtleff v. City of Boston, Mass.*, 596 U.S. 243, 251 (2022).

B.   Free Association

The motion to dismiss is granted on plaintiffs' First Amendment freedom of association claim because the State of Arkansas has no right to intervene in intra-party

4

disputes or to decide who gets to vote in the RPA's primaries. This is true because the RPA has a right to define its own political boundaries. *See California Democratic Party v. Jones*, 530 U.S. 567, 575 (2000) (affirming the right to exclude others from a party). Deciding who is, and who is not, permitted to participate in the RPA's primaries is an essential part of the right of free association. *Id.* State officials would have power to regulate these issues if there were state laws in place permitting them to do so; however, there are not. Even if there were laws in place, the state officials' actions would be constitutionally limited. *Id.* at 573.

When analyzing claims similar to those brought by plaintiffs, courts typically look to the statute and determine whether the party officials complied with it. Arkansas, however, has no law prescribing how political parties are to adopt qualifications for voting in party primaries or how parties are to establish organizational rules and procedures. The State of Arkansas merely directs political parties to prescribe the qualifications for voting in their primaries and to establish rules and procedures for their own organizations. *See* Ark. Code Ann. § 7-3-101(a).

Moreover, the RPA's rule book provides two, possibly conflicting, rules for the biennial convention. Determining which rule governs when there is tension between the two rules is an important question with significant consequences, but it is at most an Arkansas statutory question or an RPA rules question. It is not a constitutional question.

Furthermore, if Arkansas law and the RPA's rules favor plaintiffs, the remedy would include injunctive relief. This is a form of relief a federal court cannot give because the Eleventh Amendment prohibits federal courts from commanding state officials to comply

with state law. *See Greene v. Dayton*, 806 F.3d 1146, 1149 (8th Cir. 2015) (citing *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 106 (1984)).

Finally, dismissal is independently appropriate as to Wood because he is a private actor and plaintiffs fail to establish that his actions constitute state action. *See Federer v. Gephardt*, 363 F.3d 754, 760 (8th Cir. 2004) (affirming dismissal of First Amendment free association claim because no state action was properly alleged); *see also* Ark. Code Ann. § 7-3-101(a)(3) (Wood's power comes from the RPA, not the state).

C. Due Process

Plaintiffs also assert that they were denied due process under the Fourteenth Amendment when the advisory opinion was issued because it was an arbitrary and capricious action that violates the RPA's rules. Dismissal is appropriate because the RPA's rules are silent on whether such an opinion is allowed, and determining what the rules allow is, again, an interpretative question for the RPA or the state, not a federal court. Dismissal is independently appropriate as to Wood because "[d]ue process protections do not extend to private actors engaging in private conduct." *Guild Mortg. Co. v. Prestwick Ct. Tr.*, 293 F. Supp. 3d 1228, 1236 (D. Nev. 2018) (citing *Am. Mfr. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)); *see* Ark. Code Ann. § 7-3-101(a)(3) (Wood's power comes from the RPA, not the state).

D. State Law Claims

Plaintiffs' state law claims are dismissed without prejudice because the balance of factors to be considered in whether to exercise supplemental jurisdiction—judicial economy,

convenience, fairness, and comity—points towards declining to exercise supplemental jurisdiction. *See* 28 U.S.C. § 1367(c)(3); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966).

## IV. CONCLUSION

For these reasons, defendants' motions to dismiss plaintiffs' amended complaint are granted and this case is dismissed without prejudice.

IT IS SO ORDERED this 5th day of May, 2025.

*[signature: Brian S. Miller]*
UNITED STATES DISTRICT JUDGE